UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS RAY PAYNE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03957-JPH-MJD |
| | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT IMPD, | ) |
| KELLY RHODA Detective, | ) |
| DOUG HUESTUS Detective, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT**

*Pro se* Plaintiff, Dennis Ray Payne, has filed a complaint, dkt. 1, and paid the initial partial filing fee, dkt. 31. This order screens his complaint and directs further proceedings.

# I.
# Screening

The Court has the inherent authority to screen the complaint on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

1

Mr. Payne alleges that the detectives seized his vehicle without a warrant. Dkt. 1. Mr. Payne sues Detective Kelly Rhoda, Detective Doug Huestus, and the Indianapolis Metropolitan Police Department ("IMPD").

Any claim against the IMPD is **dismissed** for failure to state a claim upon which relief can be granted. The IMPD is not a suable entity. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."); *Branson v. Newburgh Police Dep't*, 849 F. Supp. 2d 802, 808 (S.D. Ind. 2011). Additionally, Mr. Payne does not allege any wrongdoing on the part of the IMPD.

The allegations in the complaint are sufficient to plausibly assert claims for unlawful seizure under the Fourth Amendment and for violation of due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against defendants in their individual capacities. These claims shall **proceed** against Detective Kelly Rhoda and Detective Huestus. If Mr. Payne thinks the Court has overlooked any claims in the complaint, he shall have **28 days from the entry of this Order** to so notify the Court.

## II.
## Further Proceedings

The **clerk is directed** to remove IMPD from the docket.

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to (1) Detective Kelly Rhoda and (2) Detective Doug Huestus. Fed. R. Civ. P. 4(c). Process shall consist of the complaint (dkt. 1),

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 1/21/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DENNIS RAY PAYNE, JR.
8615 N. Country Club Rd.
Mooresville, IN 46158

Detective Kelly Rhoda
Staff
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, Indiana 46204

Detective Doug Huestus
Staff
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, Indiana 46204